IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LOREN SCHWIER, JASON SCHWIER,
and GOLDEN ACRES GRAIN FARMS, LLC,

                  Plaintiffs,                  OPINION AND ORDER

    v.                                                  18-cv-929-wmc

DEL PETERSON & ASSOCIATES, INC.,

                  Defendant.

---

       In this civil action, plaintiffs claim that defendant Del Peterson & Associates ("DPA") breached a contract by refusing to convey a combine on which plaintiffs had placed the winning bid, and was further unjustly enriched by selling the combine to someone else for more money. (Compl. (dkt. #2-2) ¶¶ 7, 9-11, 17.) Invoking this court's diversity jurisdiction, defendant DPA proceeded to remove the action under 28 U.S.C. § 1446 and 28 U.S.C. § 1332. (Not. of Removal (dkt. #2) ¶¶ 3, 4.) Because the allegations in the notice of removal and subsequent amended complaint are still insufficient to determine whether diversity jurisdiction actually exists, defendant will be given an opportunity to file an amended notice containing the necessary allegations.

## OPINION

       "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for

want of jurisdiction. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009); 28 U.S.C. § 1332(a)(1). Moreover, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citation omitted). Finally, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendant contends in its notice of removal that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are diverse. (Not. of Removal (dkt. #2) ¶ 4.) For the latter to be true, however, there must be *complete* diversity, meaning that *none* of the plaintiffs can be a citizen of the same state as the defendant. *See Smart*, 562 F.3d at 803. The parties' allegations as to plaintiffs' citizenship prevents this court from determining if this is so.

Curiously, in an amended complaint filed after removal, plaintiffs not only allege that Loren and Jason Schwier are "adult resident[s] of La Crosse County, Wisconsin" and that defendant "is a foreign corporation organized under the laws of the State of Nebraska with its princip[al] place of business located at 419 West Judy Avenue, Fremont, Nebraska," but also that Golden Acres Grain Farms, LLC "is a Wisconsin limited liability company" with a "principal place of business i[n] . . . West Salem, Wisconsin." (Amend. Compl. (dkt. #10) ¶¶ 1-4.)[1] Worse, in the notice of removal, defendant simply contends that "[p]laintiffs are citizens of Wisconsin," while "it is a corporation organized pursuant

---

[1] The complaint originally filed in the La Crosse County Circuit Court contains the same allegations regarding the Schwiers and DPA, but has no allegations about the residency of Golden Acres Grain Farms.

2

to the laws of Nebraska and has its principal place of business in Nebraska." (Not. of Removal (dkt. #2) ¶ 4.)

The obvious defect in defendant's notice of removal concerns plaintiff Golden Acres Grain Farms, LLC. "[T]he citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) (citation omitted). Yet there are no allegations concerning the names or citizenship of any of Golden Acres' members. In particular, despite plaintiffs' apparent willingness to remain in federal court, the amended complaint's allegations concerning Golden Acres' organization and principal place of business (Amend. Compl. (dkt. #10) ¶ 3) are irrelevant in deciding the LLC's citizenship. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 427 (7th Cir. 2009).[2]

More subtly, as to the Schwier plaintiffs, the amended complaint's allegations simply detail their Wisconsin *residency*. (Amend. Compl. (dkt. #10) ¶¶ 1-2.) Strictly speaking (and the Seventh Circuit has repeatedly advised lower courts that we *are* speaking strictly), for an individual person, it is her *domicile* rather than her residence that must be alleged. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile."). A person's domicile is "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). As such, a person may have several residences, but only one domicile. *Id*.

---

[2] In alleging an LLC's citizenship, if any member of the LLC is a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (citations omitted).

Given the likelihood that the members of Golden Acres are Wisconsin citizens, rather than remanding this action for lack of subject matter jurisdiction, defendant will be given leave to file within 30 days an amended notice establishing subject matter jurisdiction by alleging: (1) the names and citizenship of each member of Golden Acres Grain Farm, LLC; and (2) the domicile and citizenship of plaintiffs Jason and Loren Schwier. Plaintiffs are further directed to cooperate in expedited discovery on these subjects, whether by written interrogatory, requests to admit or limited, telephonic deposition. Failure to amend timely will result in dismissal of this lawsuit for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1. Defendant shall have until February 1, 2019, to file and serve an amended notice containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Plaintiffs shall cooperate with reasonable requests for expedited discovery to establish facts giving rise to a finding of diversity jurisdiction within this timeframe.

3. Failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 2nd day of January, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge